UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PATRICK J. BENAC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:13 CV 5 RWS |
| ) | |
| ELI LILLY AND COMPANY, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter is before me on Defendant Eli Lilly and Company's motion to dismiss Count I of Plaintiff Patrick J. Benac's Complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6). The motion will be granted.

*Background*

Plaintiff Patrick J. Benac ("Benac") was an employee of Defendant Eli Lilly and Company ("Lilly") for over ten years until his termination on August 8, 2011. In Count I of his Complaint, Benac alleges that he was wrongfully discharged by Lilly in retaliation for him reporting his coworkers' violations of Lilly's code of conduct, known as the Red Book, as well as the Corporate Integrity Agreement between the Lilly and the Office of the Inspector General of the Department of Health and Human Services. Lilly moves to dismiss Count I on the grounds that Benac was an at-will employee and cannot state a claim under Missouri law for wrongful discharge.[1]

*Legal Standard*

In ruling on a motion to dismiss, I must accept as true all factual allegations in the complaint and view them in the light most favorable to Plaintiff. Fed. R. Civ. P. 12(b)(6); Erickson v. Pardus, 551 U.S. 89, 94 (2007). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its

face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formalistic recitation of elements of a cause of action will not do." Id. (internal quotations ommitted).  To survive a motion to dismiss a plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Id. at 555.

*Discussion*

Generally, under Missouri law, an employer can discharge an at-will employee without cause.  Crabtree v. Bugby, 967 S.W.2d 66, 70 (Mo. 2004).  However, Missouri recognizes a public policy exception to the at-will employee rule.  Fleshner v. Pepose Vision Inst., Inc., 304 S.W.3d 81, 92 (Mo. 2010).  The public policy exception to the at-will employment rule, often called the wrongful discharge doctrine, prohibits an employer from terminating an employee for refusing to perform an illegal act or for reporting wrongdoing or violations of law.  Margiotta v. Christian Hosp. Ne. Nw., 315 S.W.3d 342, 346 (Mo. 2010).  The wrongful discharge doctrine is very narrowly drawn; an action must be based on a constitutional provision, a statute, a regulation based on a statute or a rule promulgated by a government body.  Id.  "Absent such explicit authority, the wrongful discharge action fails as a matter of law.  Id.

For Benac to prevail, he must show that "he reported to superiors or to public authorities serious misconduct that constitutes a violation of the law and of … well established and clearly mandated public policy." Id.  Benac fails to do so.  Benac's complaint alleges that he was terminated for reporting his coworkers' violations of Lilly's code of conduct and the Corporate Integrity Agreement.  Neither Lilly's own company policy nor the Corporate Integrity Agreement itself is an explicit legal authority upon which a wrongful discharge claim may be based.  The Corporate Integrity Agreement might have been formed to further the aims of public policy, but Benac does not identify any specific constitutional provision, statute, regulation, or rule reflected in the agreement.  I will not speculate about how the Corporate Integrity Agreement might implicate public policy.  Because Benac has failed to identify any specific

legal authority that the conduct he reported allegedly violates, his wrongful discharge action fails as a matter of law.  Richter v. Advance Auto Parts, Inc., 686 F.3d 847, 856 (8th Cir. 2012).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion to dismiss Count I of Plaintiff's Complaint [#17] is **GRANTED**.

*/s/ Rodney W. Sippel*
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 8th day of May, 2013.

---

[1] The terms "wrongful termination" and "wrongful discharge" are used interchangeably in Missouri case law. Although Plaintiff styles Count I as a "wrongful termination" claim, I will use "wrongful discharge" throughout this Order.